## McCollum, Jr. v. Laubach

*Bellis, Kolsby & Wolf*, for plaintiffs.
*Gekoski & Bogdanoff*, for defendants.

BARBIERI, J., July 10, 1969.—Before the court are preliminary objections to the complaint, filed by defendant, Mabel Travelpiece Laubach, as administratrix of James J. Laubach, Deceased.

The action is in trespass for injuries sustained on September 14, 1968, in an automobile collision between vehicles operated by wife plaintiff, Joyce I. McCollum, and a vehicle driven by defendant's decedent, James J. Laubach. The collision occurred in Lycoming County, Pa. Plaintiffs reside in Montour County. The deceased driver, James J. Laubach, resided in Montour, as does defendant, Mabel Travelpiece Laubach, who also was appointed as administratrix in Montour County. Relying upon the expanded venue authorized by Pennsylvania Rule of Civil Procedure 1006(c), plaintiffs instituted their suit in Philadelphia County by joining General Motors Corporation as a defendant, with deputized service upon the other defendant, the administratrix, in Montour County.

Defendant Laubach's objections are in two parts: (1) The venue in Philadelphia County is improper and the action should be transferred to Lycoming County under subsection (e) of rule 1006; and (2) even if the court should conclude that venue in Philadelphia may be authorized by the rule, the case still

should be moved to Lycoming County on the "forum non conveniens" remedy provided in subsection (d) of rule 1006.

I. *The Attack on Venue in Philadelphia County*

Defendant, Laubach, asserts that General Motors Corporation was merely "handpicked" as a defendant in an attempt to create artificial venue in Philadelphia. Pa. R. C. P. 1006(c) provides that:

"An action to enforce a joint or joint and several liability against two or more defendants, except actions in which the Commonwealth is a party defendant, may be brought against all defendants in any county in which the venue may be laid against any one of the defendants under the general rules of subdivisions (a) or (b)."

There is no contention by Laubach that venue against General Motors Corporation was not properly laid under the requirements of subdivision (a) of rule 1006. Laubach only contends that this venue is "artificial" in that plaintiffs have no cause of action against General Motors Corporation and only sued them in order to get venue in Philadelphia County.

The contention of Laubach is in reality a demurrer to plaintiff's complaint on behalf of defendant, General Motors Corporation. While there may be some question as to the standing of one defendant to present and pursue a demurrer to plaintiffs' complaint on behalf of another defendant, this court feels that the demurring defendant in this case, Laubach, has such standing, because the venue of the case and the authority of this county over him as a party defendant turns entirely upon the question of whether or not the other defendant should be sued here.

Of course, a demurrer admits all well pleaded allegations of the complaint, and in paragraph 5 of their complaint, plaintiffs allege that ". . . either by virtue of the negligence of the defendant's decedent,

more particularly hereinafter set forth, or the negligence of the defendant, General Motors Corporation, Chevrolet Division, more particularly hereinafter set forth, the Chevrolet truck in question was caused to cross over the center line into the westbound lane of travel and collide with the vehicle in which the plaintiffs were riding, . . ."

In paragraph 8 of their complaint, plaintiffs allege that the negligence of General Motors Corporation, Chevrolet Division, consisted of:

"(a) negligence in the design of the vehicle in question;

"(b) failure to warn as to the dangerous condition of the vehicle in question when said defendant knew or should have known as to the existence of design failures;

"(c) failure to reasonably inspect the vehicle in question prior to delivery."

It is thus seen that, on demurrer, Laubach is faced with the fact that the complaint states a valid cause of action against General Motors which she, Laubach, must admit. Also, we can find no support for the view that we are free to indulge our views as to what may be plaintiffs' motive in suing General Motors in Philadelphia County rather than in some other county. If the rule grants to plaintiffs the clear legal right to do what they have done, their reason for exercising such an absolute right is no concern of Laubach's or of this court.

It is the conclusion of this court, therefore, that since the allegations of the complaint are sufficient to state a cause of action against General Motors Corporation, the venue that attaches in the county where that defendant is served is valid and unassailable under the provisions of subsection (c) of Pa. R. C. P. 1006.

## II. *Forum Non Conveniens*

Laubach's second contention is that, even if the venue is held to be properly laid in Philadelphia County, nevertheless, the court should transfer the case to Lycoming County under subsection (d) of Pa. R. C. P. 1006. Rule 1006(d) states:

"For the convenience of parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought."

It can be seen that the rule establishes two criteria: (1) That the transfer be for the convenience of the parties and witnesses; and (2) that the transferee county must be one where the action could have been originally instituted. Obviously, the decision on a request to transfer is left to the sole discretion of the court upon consideration of the two factual circumstances.

Unquestionaly, the suit "could originally have been brought" in Lycoming County under subsection (a) of the rule, since the collision from which this cause of action arose occurred in that county, so that there remains only the question of whether a transfer should be ordered for reasons of convenience. In this connection, one may inquire as to what, and whose, convenience should be served. Aside from Laubach's convenience, it may be argued that plaintiffs' convenience may be better served in a Lycoming County proceeding. Laubach may think so. The court may feel the same way, but we are met with the assurances from plaintiffs that they do not think so. In fact, they vigorously reject Laubach's suggestion of what may serve their convenience. Should plaintiffs' convenience be measured by their own views, or determined in disregard of them? Should we try to envision what may be General Motors Corporation's convenience, which has not been declared?

We note that the language of Pa. R. C. P. 1006(d) is quite similar to that in the Federal rule which provides for convenience transfers:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought": 28 U.S.C.A. §1404(a).

A landmark decision under the Federal rule is that in the case of Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S. Ct. 839 (1947), wherein are outlined some of the factors which the court should consider, as follows:

"If the combination and weight of factors requisite to given results are difficult to forecast or state, those to be considered are not difficult to name. An interest to be considered, and the one likely to be most pressed, is the private interest of the litigant. Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other problems that make trial of a case easy, expeditious and inexpensive. . . . The court will weigh relative advantages and obstacles to a fair trial. It is often said that the plaintiff may not, by choice of an inconvenient forum, "vex", "harass", or "oppress" the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. But *unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed"*: Id. at 508, 67 S. Ct. at 843. (Italics supplied.)

Certainly, it cannot be disputed that the Pennsylvania rule in section 1006(c) was meant to favor plaintiff by enlarging his venue options, so that we could hardly disagree with the U. S. Supreme Court's view in the Gulf Oil case that a strong burden is on

the objecting defendant to prove that the plaintiffs' choice of forum should be disturbed.

All that appears before this court now are the arguments of both counsel as to what may serve "the convenience of the parties and witnesses." No facts appear of record to satisfy Laubach's burden to show that the balance of convenience is strongly in her favor. It is this court's conclusion, upon the present state of the record, that the plaintiffs' choice of Philadelphia County as the forum for their suit should not be disturbed.

## ORDER

And now, July 10, 1969, the preliminary objections of defendant, Mabel Travelpiece Laubach, administratrix of the Estate of James J. Laubach, Deceased, are dismissed, with leave to defendants to answer or otherwise plead within 20 days after notice of this order has been served.